IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OTTO LONG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-360-GPM-DGW |
| vs. | ) | |
| | ) | **JURY DEMAND** |
| **G.D. SEARLE LLC, PHARMACIA** | ) | |
| **CORPORATION, MONSANTO** | ) | |
| **COMPANY, PFIZER INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS G.D. SEARLE LLC, PHARMACIA CORPORATION, AND
PFIZER INC.'S ANSWER AND SEPARATE AND ADDITIONAL
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation (f/k/a Monsanto Company that was organized in 1933[1]) ("Pharmacia," improperly captioned in Plaintiff's Complaint as "Monsanto Company"), and Pfizer Inc. ("Pfizer") (collectively "Defendants"), and for their answer to Plaintiff's Complaint ("Complaint") state as follows:

**I.
PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) (hereinafter "Celebrex®"). Accordingly, this Answer can only be drafted

---

[1] Plaintiff's Complaint names "Monsanto Company" as a defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®. Given that Plaintiff alleges in his Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFF'S ORIGINAL COMPLAINT at ¶ 4, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

generally.  Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

## II.
## ORIGINAL ANSWER

1.      Defendants admit that Plaintiff is a resident of the state of Illinois.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding whether Plaintiff took Celebrex®, and therefore deny the same. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 1 of the Complaint, deny Celebrex® caused Plaintiff injury or damages, and deny Celebrex® was or is defective or dangerous.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois, that it is registered to do business in Illinois, and that Searle may be served through its registered agent.  Searle's sole member is Pharmacia & Upjohn Company LLC, which is a limited liability company whose sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation which is a corporation existing under the laws of the State of Delaware with its principal place of business

in the State of New Jersey. Defendants admit that, during certain periods of time, Celebrex®
was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and
distributed Celebrex® in the United States to be prescribed by healthcare providers who are by
law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants
deny the remaining allegations in Paragraph 2 of the Complaint.

3.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of
business in New Jersey, that it is registered to do business in Illinois, and that it may be served
through its registered agent. Defendants deny the remaining allegations in Paragraph 3 of the
Complaint.

4.     Defendants admit that in 1933 an entity known as Monsanto Company ("1933
Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of
1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to
Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was
incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed
its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the
agricultural business and does not and has not ever manufactured, marketed, sold, or distributed
Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or
Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or
distributed Celebrex®, Defendants state, therefore, that the 2000 Monsanto is not a proper party
in this matter. Defendants deny Monsanto is the parent of Pharmacia. Defendants deny the
remaining allegations in Paragraph 4 of the Complaint.

5.     Defendants admit that Pfizer is a Delaware corporation with its principal place of
business in New York, that it is registered to do business in Illinois, and that it may be served

through its registered agent. Defendants admit that, during certain periods of time, Pfizer co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that a labeling revision for Celebrex® was issued on July 29, 2005, which speaks for itself, and any attempt to characterize the label is denied. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damage, and deny the remaining allegations in Paragraph 7 of the Complaint.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that they have duties as are imposed by law, but deny that they breached any such duties. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any concealment or misrepresentation, and deny the remaining allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny concealing any information, deny any wrongful conduct, and deny the remaining allegations in Paragraph 9 of the Complaint.

### Response to Allegations Regarding Background

10.     Defendants admit that, as indicated in the package insert, Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for the relief of signs and symptoms of ankylosing spondylitis; and (7) for the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years and older.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants deny that Celebrex® is defective, deny any wrongful conduct, and deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Paragraph 12 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny that Celebrex® caused Plaintiff injury or damages and deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint concerning whether Plaintiff took Celebrex®, and therefore deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny that Celebrex® caused Plaintiff injury or damages and deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants deny any wrongful conduct and deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint concerning whether Plaintiff took

Celebrex®, and therefore deny the same.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in Paragraph 16 of the Complaint.

### Response to Allegations Regarding Jurisdiction and Venue

17.    Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose and, therefore, denies that venue is proper in this district.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny committing a tort within the State of Illinois, and deny the remaining allegations in Paragraph 17 of the Complaint.

18.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

distributed Celebrex® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

20.    Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose and, therefore, deny that venue is proper in this district. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

**Response to First Cause of Action: Strict Products Liability/Defective Design**

21.    Defendants incorporate by reference all previous paragraphs as though fully set forth herein.

22.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Further, Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint regarding whether Plaintiff used Celebrex®, and therefore deny the same. Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Celebrex® was or is defective or unreasonably dangerous, and deny the remaining allegations in Paragraph 23 of the Complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint regarding whether Plaintiff used Celebrex®, and therefore deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Celebrex was or is defective and deny the remaining allegations in Paragraph 24 of the Complaint.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint regarding whether Plaintiff used Celebrex®, and therefore deny the same. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint regarding whether Celebrex® reached Plaintiff and regarding whether Plaintiff used Celebrex®, and therefore denies them. Defendants state that, in the ordinary case, Celebrex® was and is expected to reach users and consumers without substantial change from the time of sale. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damages  and deny the remaining allegations in Paragraph 26 of the Complaint.

27.    Defendants deny that Celebrex® caused Plaintiff injury or damages, deny that Celebrex® was or is defective, and deny the remaining allegations in Paragraph 27 of the Complaint.

28.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in Paragraph 28 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the First Cause of Action of the Complaint.

**Response to Second Cause of Action: Strict Products Liability/Failure to Warn**

29.    Defendants incorporate by reference all previous paragraphs as though fully set forth herein.

30.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint regarding whether Plaintiff used Celebrex®, and therefore deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® was or is defective and deny the remaining allegations in Paragraph 31 of the Complaint.

32.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential

effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint regarding whether Plaintiff used Celebrex®, and therefore deny the same. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants deny any wrongful conduct and deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny any wrongful conduct, deny Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in paragraph 39 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Second Cause of Action of the Complaint.

**Response to Third Cause of Action: Negligent Design**

40.     Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

41.     Defendants admit that, during certain periods of time, they marketed and co-promoted Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants are without knowledge whether Plaintiff used Celebrex® and therefore deny the same.  Defendants admit that, during certain periods of time, they marketed and co-promoted Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is defective and deny the remaining allegations in Paragraph 42 of the Complaint.

43.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective and deny the remaining allegations in Paragraph 43 of the Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiff used Celebrex®, and therefore deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants deny that Celebrex® was negligently designed, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in Paragraph 46 of the Complaint.

47.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations contained in Paragraph 47 of the Complaint.

**Response to Fourth Cause of Action: Negligent Failure to Warn**

48.    Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

49.     Defendants state that Paragraph 49 of the Complaint makes legal contentions to which no response is required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendants state that Paragraph 50 of the Complaint makes legal contentions to which no response is required.  To the extent a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in Paragraph 50 of the Complaint, including subparts a – e.

51.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 53 of the Complaint.

        Defendants deny the allegations contained in the unnumbered paragraph in the Fourth Cause of Action of the Complaint.

## Response to Fifth Cause of Action: Fraudulent Concealment

54.     Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

55.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 56 of the Complaint.

57.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 57 of the Complaint.

58.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny concealing any information and deny the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendants state that Paragraph 60 of the Complaint makes legal contentions to which no response is required.  To the extent a response is required, Defendants admit that they had duties as are imposed by law but deny having breached any such duties.  Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants deny concealing any information and deny the remaining allegations in Paragraph 61 of the Complaint.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint as to Plaintiff's actions and therefore deny the same.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny concealing any information and deny the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny concealing any information and deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint regarding the state of knowledge of Plaintiff, and therefore deny the same.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny concealing any information and deny the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint regarding the state of Plaintiff's knowledge, whether Plaintiff used Celebrex®, and therefore deny the same.   Defendants deny concealing any information and deny the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants deny concealing any information, deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 68 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Fifth Cause of Action of the Complaint.

**<u>Response to Sixth Cause of Action: Common Law Fraud</u>**

69.     Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

70.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any false representations and deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any false representations and deny the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint regarding Plaintiff's knowledge, and Plaintiff's use of Celebrex®, and therefore deny the same.  Defendants deny making any false representations and deny the remaining allegations in Paragraph 72 of the Complaint.

73.     Defendants deny any fraudulent conduct, deny that Celebrex® caused Plaintiff any injury or damage, and deny the remaining allegations in Paragraph 73 of the Complaint.

74.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damage, and deny the remaining allegations in Paragraph 74 of the Complaint.

75.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 75 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Sixth Cause of Action of the Complaint.

## Response to Seventh Cause of Action: Breach of Implied Warranty

76.    Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®, and deny the remaining allegations in Paragraph 77 of the Complaint.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint whether Plaintiff used Celebrex®, and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff any injury or damages and deny the remaining allegations in Paragraph 79 of the Complaint.

80.    Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff any injury or damages and deny the remaining allegations in Paragraph 80 of the Complaint.

81.    Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff any injury or damages and deny the remaining allegations in Paragraph 81 of the Complaint.

82.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 82 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Seventh Cause of Action of the Complaint.

## Response to Eighth Cause of Action: Breach of Express Warranty

83.    Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

84.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®, and deny the remaining allegations in Paragraph 85 of the Complaint.

85.    Defendants admit that, as indicated in the package insert, Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for the

relief of signs and symptoms of ankylosing spondylitis; and (7) for the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years and older. Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint whether Plaintiff used Celebrex® and therefore deny same. Defendants deny all remaining allegations in Paragraph 86 of the Complaint.

87.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex® and deny the remaining allegations in Paragraph 87 of the Complaint.

88.    Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff any injury or damages and deny the remaining allegations in Paragraph 88 of the Complaint.

89.    Defendants deny that Celebrex® caused Plaintiff any injury or damages and deny the remaining allegations in Paragraph 89 of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 90 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Eighth Cause of Action of the Complaint.

## Response to Ninth Cause of Action: Negligent Misrepresentation

91.     Defendants incorporate by reference their responses to each paragraph of the Complaint as if fully set forth herein.

92.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 95 of the Complaint, including subparts a –e.

96.     Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 96 of the Complaint.

97.     Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 97 of the Complaint.

98.     Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 98 of the Complaint.

99.     Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 99 of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff any injury or damages, and deny the remaining allegations in Paragraph 100 of the Complaint.

Defendants deny the allegations contained in the unnumbered paragraph in the Ninth Cause of Action of the Complaint.

<u>**Answer to Prayer for Relief**</u>

Defendants deny the allegations contained in the paragraph entitled "Prayer for Relief as to All Counts," including subparts A – E.

**III.**
<u>**GENERAL DENIAL**</u>

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

## Fifth Defense

5.      The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

## Sixth Defense

6.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

## Seventh Defense

7.      Plaintiff's action is barred by the statute of response.

## Eighth Defense

8.      Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

## Ninth Defense

9.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.

## Tenth Defense

10.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Eleventh Defense

11.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Twelfth Defense

12.     Defendants affirmatively denies that they violated any duty owed to the Plaintiff.

### Thirteenth Defense

13.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Fourteenth Defense

14.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fifteenth Defense

15.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Sixteenth Defense**

16.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Seventeenth Defense**

17.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Eighteenth Defense**

18.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Nineteenth Defense**

19.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Twentieth Defense**

20.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twenty-first Defense**

21.     Plaintiff are barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-second Defense

22.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-third Defense

23.     The manufacture, distribution and sale of the pharmaceutical product referred to in the Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-fourth Defense

24.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-sixth Defense

26.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Thirtieth Defense**

30.    To the extent that Plaintiff are seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirty-first Defense**

31.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Illinois, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-second Defense

32.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Illinois law.

### Thirty-third Defense

33.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-fourth Defense

34.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fifth Defense

35.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-sixth Defense

36.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-seventh Defense

37.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-eighth Defense

38.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and,

therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-ninth Defense

39.     To the extent that Plaintiff seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Illinois.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent,

including, without limitation, <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 111 (1991), <u>TXO Production Corp. v. Alliance Resources, Inc.</u>, 509 U.S. 443 (1993); <u>BMW of North America, Inc. v. Gore</u>, 519 U.S. 559 (1996); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S 408.

## Fortieth Defense

40.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Forty-first Defense

41.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

## Forty-second Defense

42.     If Plaintiff have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

## Forty-third Defense

43.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fifth Defense

45.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-eighth Defense

48.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-ninth Defense

49.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contend should have been provided.

### Fiftieth Defense

50.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fifty-first Defense

51.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-second Defense

52.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-third Defense

53.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-forth Defense

54.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fifth Defense

55.   Defendants reserve the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### V.
### PRAYER

WHEREFORE, Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, pray that Plaintiff take nothing by his suit, that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which Defendants  may justly be entitled.

### JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable in this action.

Dated:  May 16, 2007                    By:   /s/ Robert H. Shultz, Jr.
                                        HEYL, ROYSTER, VOELKER & ALLEN
                                        Robert H. Shultz, Jr. - #03122739
                                        103 West Vandalia Street, Suite 100
                                        Edwardsville, Illinois  62025
                                        Telephone:  (618) 656-4646

Of Counsel:
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **May 16, 2007**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**Aaron K. Dickey –** aaron@gmhalaw.com

/s/ Robert H. Shultz, Jr.

HEYL, ROYSTER, VOELKER & ALLEN
